# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES PAUL AERY, | Case No. 22-CV-1158 (WMW/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LEE ANDERSON; KATHERINE OBRYAN; and BELTRAMI COUNTY, | |
| Defendants. | |

Plaintiff James Paul Aery is detained in the Beltrami County Jail awaiting trial on several criminal charges pending against him in state court. *See State of Minnesota v. Aery*, No. 04-CR-21-2170 (Minn. Dist. Ct.); *State of Minnesota v. Aery*, No. 04-CR-21-2795 (Minn. Dist. Ct.); *State of Minnesota v. Aery*, No. 04-CR-21-2796 (Minn. Dist. Ct.). In this federal-court action, Aery alleges that one of the law-enforcement officials who arrested him, Defendant Lee Anderson, was biased against him during the course of the investigation. Aery also alleges that another law-enforcement official, Defendant Katherine Obryan, failed to intervene when Anderson asked leading questions of a witness to the events that lead to Aery's arrest. Finally, Aery alleges that Defendant Beltrami County has been deliberately indifferent in its failure to adequately train and supervise law-enforcement officials. This Court concludes that the Aery's pleading fails to state a claim under federal law on which relief may be granted. Accordingly, the Court recommends that this matter be dismissed pursuant to 28 U.S.C. § 1915A(b).

1

Because Aery is a prisoner, his complaint is subject to preservice review pursuant to 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The core of Aery's complaint concerns the actions of Anderson, who is alleged by Aery to have undertaken the criminal investigation in a biased and unprofessional manner. That said, the specific factual allegations raised by Aery against Anderson are largely vague and conclusory. For example, Aery contends that Anderson conducted his questioning of a witness "with intimidating statements and leading prejudicial beliefs" (Compl. at 4, Dkt. No. 1), thereby denying him a "neutral investigation" (*id*. at 6). Based on these and similar factual allegations, Aery seeks relief from Anderson pursuant to 42 U.S.C. § 1983 and state law.

None of the allegations in the complaint, however, fit within the rubric of claims actionable under § 1983. Aery has not alleged that Anderson has violated the equal-protection clause by treating him differently as a result of an "unjustifiable" factor, such as his race or religion. *United States v. Deering*, 179 F.3d 592, 594 (8th Cir. 1999). Nor has Aery plausibly alleged—or even *implausibly* alleged—that Anderson lacked probable cause to arrest him; "a false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Finally, Aery contends that the manner in which the investigation was carried out by Anderson jeopardizes his constitutional right to a fair trial (Compl. at 5), but this claim is overwhelmingly speculative. *See Twombly*, 550 U.S. at 555. Even taking each of the non-conclusory factual allegations in the complaint as true (as this Court must at this stage), Aery does not allege specifically how any of Anderson's actions, either generally in conducting the investigation or specifically in questioning witnesses, would prevent Aery from receiving a fair trial on the criminal charges brought against him, nor can the

Court on its own draw any such conclusions.[1] Aery has failed to plead a plausible claim for relief against Anderson under § 1983.

Aery's claims under § 1983 against Obryan and Beltrami County are predicated entirely upon Anderson's putative violation of his constitutional rights: Obryan is named as a defendant to this lawsuit because she "fail[ed] to confront or even report" Anderson (Compl. at 6), while Beltrami County is named as a defendant for having failed to adequately monitor and supervise those officers (*id.* at 7-9).[2] But without plausible allegations that, if proved true, would establish that Anderson acted unlawfully as a matter of federal law, Aery cannot proceed with claims that Obryan or Beltrami County violated federal law by failing to intervene in Anderson's actions. *See, e.g.*, *Brown v. City of Bloomington*, 280 F. Supp. 2d 889, 894 (D. Minn. 2003) ("A claim under section 1983 against an officer for failure to intervene necessarily assumes another officer violated the plaintiff's constitutional rights."). Any claims under § 1983 brought against those defendants should therefore also be dismissed without prejudice.

---

[1] Even if Aery had plausibly alleged that the actions of Anderson threatened his right to a fair trial in state court, dismissal of this matter would likely be necessary pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which requires federal district courts to abstain from exercising jurisdiction where there is an ongoing state criminal proceeding in which the federal-law questions at issue are likely to be raised and litigated. *See also Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (stating elements of *Younger* abstention). Aery cannot use claims in federal court under § 1983 to short-circuit his ongoing state-court criminal proceedings.

[2] Anderson alleges, for example, that Beltrami County Commissioner Reed Olson "did not respond to my texts concerning the issues herein on 4-24-22 between 3-7 PM" (Compl. at 9), thus evincing (according to Aery) the deliberate indifference of Beltrami County itself.

4

Finally, Anderson refers in his complaint to state-law causes of action such as false arrest and malicious prosecution. (Compl. at 5.) The Court lacks subject matter jurisdiction over these state-law claims. Aery does not allege that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and unlike Aery's claims under § 1983, no question of federal law is presented by Aery's state-law claims, *see* 28 U.S.C. § 1331. A federal district court lacking subject matter jurisdiction over state-law claims may exercise supplemental jurisdiction over those claims when a federal-law claim also remains pending in the action, *see* 28 U.S.C. § 1367, but the Court should decline to exercise supplemental jurisdiction where, as recommended here, all federal-law claims are dismissed prior to trial, *see Hervey v. Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, it is recommended that all state-law claims brought by Aery in this action should likewise be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

2. The application to proceed *in forma pauperis* of plaintiff James Paul Aery (Dkt. No. 4) be **DENIED AS MOOT**.

Dated: June 7, 2022                         *s/ John F. Docherty*
                                            John F. Docherty
                                            United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).